# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD TYRONE DIXON, | : | |
| Petitioner, | : | |
| v. | : | No. 4:18-CV-1541 |
| ROBERT MARSH, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### AUGUST 15, 2018

**I.  BACKGROUND**

Edward Tyrone Dixon, an inmate presently confined at the Benner Township State Correctional Institution, Bellefonte, Pennsylvania (SCI-Benner), initiated this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner has filed an *in forma pauperis* application which will be granted. Named as Respondent is SCI-Benner Superintendent Robert Marsh. Service of the Petition has not yet been ordered.

According to the petition, Dixon was convicted of multiple criminal offenses including criminal homicide following a jury trial in the Court of Common Pleas of Allegheny County, Pennsylvania. *See* Doc. 1, ¶¶1-6. Petitioner was thereafter sentenced to a term of life imprisonment plus ten (10) to twenty (20) years. *See id.*

at ¶ 3. Petitioner's pending action challenges the legality of his state criminal conviction on the following grounds: ineffective assistance of counsel; the evidence used against him was seized in an illegal vehicle search; prosecutorial misconduct; and actual innocence. As relief, Dixon asks that his conviction be vacated and that be immediately released. *See id.* at p. 14.

## II. DISCUSSION

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. *Fletcher v. Rozum*, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment andAugust 15, 2018 sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Here, the Petitioner is attacking the legality of a conviction and sentence from the Court of Common Pleas of Allegheny County, located within the jurisdiction of the United States District Court for the Western District of

Pennsylvania. *See* 28 U.S.C. § 118(c).

As noted, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Finally a district court may transfer a habeas petition pursuant to § 1404(a). *See In re Nwanze*, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); *Fletcher*, 2008 WL 2609826 at * 2.

The state trial court, as well as any records, counsel, and other witnesses, are located within the Western District of Pennsylvania. As such, it would be prudent to transfer this action to that court. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge